DAVID A. STEINBERG (SBN 130593)
das@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendant Valnet, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VALNET, INC., a Canadian Corporation, individually, and doing business as "Screenrant.com" and "Collider.com"; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-04086-WLH-E<br><br>Hon. Wesley L. Hsu<br><br>**DEFENDANT VALNET, INC.'S ANSWER TO THE COMPLAINT**<br><br>Complaint Filed: May 25, 2023 |

Defendant Valnet, Inc. ("Valnet" or "Defendant"), by its undersigned counsel, hereby answers the complaint of plaintiff Michael Grecco Productions, Inc., d/b/a Michael Grecco Photography ("Grecco" or "Plaintiff") dated May 25, 2023 (ECF 1) as follows:

Mitchell Silberberg & Knupp LLP

**VALNET, INC.'S ANSWER TO COMPLAINT**

## JURISDICTION AND VENUE[1]

1. Defendant admits that the claims asserted by Plaintiff in the Complaint purportedly arise under the Copyright Act. Except as specifically admitted, Defendant denies the allegations in Paragraph 1, and further specifically denies that there is any basis for Plaintiff's asserted claims or that Defendant engaged in acts constituting copyright infringement.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent any response is required, Defendant admits that this Court has subject matter jurisdiction over federal copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies that it is subject to personal jurisdiction in this Court, as this Court lacks personal jurisdiction over Defendant. Except as expressly admitted, Defendant denies each and every allegation contained in Paragraph 3.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies each and every allegation contained therein.

5. Defendant admits that Valnet, Inc. is a Canadian corporation that owns and operates the websites "screenrant.com" and "collider.com." Except as expressly admitted, Defendant denies the remaining allegations contained in Paragraph 5.

---

[1] The headings of the Complaint are included herein for convenience, and to the extent such headings contain any factual allegations to which a response is required, all such allegations are denied.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies each and every allegation contained therein.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent any response is required Defendant denies each and every allegation contained therein.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 1

8. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 8, and on that basis denies each and every allegation contained therein.

9. Defendant denies the allegations set forth in Paragraph 9.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, including as to what the images in Paragraph 10 are alleged to reflect, and on that basis denies each and every allegation contained therein.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 2

11. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 11, and on that basis denies each and every allegation contained therein.

12. Defendant denies the allegations set forth in Paragraph 12.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, including as to what the images in Paragraph 13 are alleged to reflect, and on that basis denies each and every allegation contained therein.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 3

14. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 14, and on that basis denies each and every allegation contained therein.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, including as to what the images in Paragraph 16 are alleged to reflect, and on that basis denies each and every allegation contained therein.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH 4

17. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 17, and on that basis denies each and every allegation contained therein.

18. Defendant denies the allegations set forth in Paragraph 18.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, including as to what the images in Paragraph 19 are alleged to reflect, and on that basis denies each and every allegation contained therein.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH 5

20. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 20, and on that basis denies each and every allegation contained therein.

21. Defendant denies the allegations set forth in Paragraph 21.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22, including as to what the images in Paragraph 22 are alleged to reflect, and on that basis denies each and every allegation contained therein.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH 6

23. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations contained in Paragraph 23, and on that basis denies each and every allegation contained therein.

24. Defendant denies the allegations set forth in Paragraph 24.

Mitchell Silberberg & Knupp LLP

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25, including as to what the images in Paragraph 25 are alleged to reflect, and on that basis denies each and every allegation contained therein.

26. Defendant denies that Plaintiff's counsel tried, in good faith, to amicably resolve this matter. Instead, Plaintiff's counsel sent a threatening letter demanding an extortionate monetary sum well beyond any reasonable resolution of Plaintiff's claims and beyond any reasonable license value at issue. Defendant further denies that it failed to substantively respond to Plaintiff's correspondence. Defendant denies the remaining allegations contained in Paragraph 26.

## **CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

27. Defendant repeats and incorporates its responses to the allegations contained in Paragraphs 1 to 26 of the Complaint as if fully set forth herein.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies each and every allegation contained therein.

29. Defendant admits that the images included in the Complaint speak for themselves and purport to reflect that portions of photographs at issue in this lawsuit were included in certain images contained on websites owned and operated by Defendant. Except as specifically admitted, Defendant denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent any response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis denies each and every allegation contained therein.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

## **PRAYER FOR RELIEF**

The relief requested requires no response as there are no facts alleged therein. To the extent any response is required, Defendant denies the allegations in the relief requested, objects to the relief requested, and denies that Plaintiff is entitled to any of the relief requested in the Complaint (or any other relief whatsoever).

## **JURY DEMAND**

Defendant admits that Plaintiff has demanded a trial by jury on all issues triable.

## **AFFIRMATIVE DEFENSES**

In further response to the Complaint, Defendant makes the following allegations as affirmative defenses against the claims asserted against them therein, without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or apparent during the course of this action.

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The Complaint and each of the claims for relief alleged therein fails to state a claim against Defendant upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Invalid Copyright Registration)**

Plaintiff's claims for copyright infringement are barred because they are based on the alleged infringement of works for which a valid and enforceable

copyright registration does not exist and/or for which the alleged copyright registration contains materially false and/or inaccurate information.

### THIRD AFFIRMATIVE DEFENSE
### (Acts and/or Omissions of Others)

The sole and/or proximate cause of certain of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim therein is barred, precluded, and/or limited by reason of Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiff's claim are barred, in whole or in part, on the grounds that Plaintiff has engaged in licensing and other practices that constitute copyright misuse in violation of antitrust law and public policy.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

On information and belief, Plaintiff has failed to make reasonable efforts to mitigate the damages alleged. Accordingly, the relief, if any, to which Plaintiff allegedly is entitled is limited by the extent of its failure to mitigate.

### SEVENTH AFFIRMATIVE DEFENSE
### (Noncompliance With Statutory Provisions)

Plaintiff is barred from claiming statutory damages or attorney's fees under Section 412 of the Copyright Act (17 U.S.C. § 412), to the extent any alleged acts of infringement occurred before first registration of Plaintiff's alleged work.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Originality)

The photographs at issue or the portions of such photographs at issue lack sufficient originality to warrant copyright protection.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff has waived and/or is estopped from asserting any of its claims.

### TENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing/Ownership)

Plaintiff's claims against Defendant are barred, in whole or in part, by Plaintiff's lack of standing to assert such claims due, in part, to the fact that he does not own all or certain copyright rights in the claimed photographs.

### TWELFTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

Any alleged infringement by Defendant was innocent.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Any alleged use by Defendant of any alleged copyrighted work purportedly owned by Plaintiff constitutes a non-infringing fair use under Section 107 of the Copyright Act (17 U.S.C. § 107).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

Without admitting that Defendant has infringed any purportedly copyrightable material, or that Plaintiff possesses copyright rights that could be infringed, Defendant has not acted willfully.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff has an adequate remedy at law and therefore is not entitled to any other relief sought.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Damages)

To the extent any copyright has been infringed, which Defendant does not concede, Plaintiff has suffered, at most, *de minimis* damages, namely in the form of a lost license fee, which on information and belief, is minimal in the context in which the works at issue were used.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Profits)

To the extent any copyright has been infringed, which Defendant does not concede, Defendant did not earn any profits, gains, income, receipts, or other benefits attributable to the works at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff would be unjustly enriched if it were granted the relief sought.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

Plaintiff's claims are barred, in whole or in part, on the ground that this Court lacks personal jurisdiction over Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

To the extent any copyright has been infringed, which Defendant denies, Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, *inter alia*, Defendant's reasonable defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Implied License)

To the extent any copyright has been infringed, which Defendant denies, Defendant had an implied license to use the photographs at issue, including to copy, display, distribute, license, or offer them for license.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the statute of limitations, Section 507(b) of the Copyright Act (17 U.S.C. § 507(b)), as his alleged claims accrued over three years before Plaintiff should have, with due diligence, discovered the alleged infringements.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Complaint at this time, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer to assert additional defenses and to rely upon those additional defenses to the extent

Mitchell Silberberg & Knupp LLP

they become available or apparent during discovery or further proceedings in this action.

## DEFENDANT VALNET, INC.'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, as follows:

1. Denying all relief sought by Plaintiff in the Complaint;
2. Dismissing the Complaint in its entirety with prejudice;
3. Declaring that Defendant has not infringed any copyrights of Plaintiff's;
4. Finding that Plaintiff is not entitled to damages or attorney's fees;
5. Awarding Defendant its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and
6. Grant all such other and further relief as the Court may deem just and proper.

DATED: September 27, 2023

DAVID A. STEINBERG
MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
David A. Steinberg (das@msk.com)
Marc E. Mayer (mem@msk.com)

*Attorneys for Defendant Valnet, Inc.*

Mitchell Silberberg & Knupp LLP